IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**TRANSCENDENT LIMITED PARTNERSHIP**                      **PLAINTIFF**

**VERSUS**                                    **CIVIL ACTION NO. 4:05CV231-P-B**

**GREENBELT DEVELOPMENT PARTNERS,
INC., GREENBELT DEVELOPMENT
PARTNERS 1, LLC, JOHN DOE and other
UNKNOWN DEFENDANTS acting in concert with
GREENBELT DEVELOPMENT PARTNERES, INC.,
WILBUR F. HAWKINS, SAMUEL L. SOCKWELL,
CONNIE GAIL SOCKWELL, W.A. SESLEY,
ANNIE R. SESLEY, CECIL ERIC LINCOLN,
ONZIE O. HORNE, JR. and RALPH WAITE,
d/b/a INNER CARE RESIDENTIAL**                             **DEFENDANTS**

## ORDER OF PRELIMINARY INJUNCTION

This matter having been brought on by the filing of plaintiff's Complaint against the within named defendants in the above-referenced case of action; and the plaintiff having filed with its complaint, a Motion for Preliminary Injunction and a Motion for Appointment of a Receiver; and it appearing to the Court that the defendants in the above-referenced matter have all been served with the complaint, summons and motions herein referenced;

NOW THEREFORE, the Court does and for the reasons set forth herein make the following findings and it does herein issue an Order of Preliminary Injunction as follows:

FINDINGS

1.      The plaintiff voluntarily dismissed certain defendants from the above-referenced cause of action, to-wit: Planters Bank & Trust Company, Greenbelt Development, LLC and Ralph

Waite..

2. The remaining defendants, Greenbelt Development Partners, Inc., Greenbelt Development Partners 1, LLC, Wilbur F. Hawkins, W. A. Sesley, Annie R. Sesley, Cecil Eric Lincoln, and Onzie O. Horne, Jr. and Samuel L. Sockwell and Connie Gail Sockwell have all been served and the law firm of Povall & Jeffreys, P.A. entered an appearance on their behalf on November 4, 2005. Subsequent thereto, the assigned magistrate judge permitted Povall and Jeffreys to withdraw from the representation and granted defendants additional time to obtain substitute counsel and to respond to the complaint. Defendants retained Martin Kilpatrick as substitute counsel on or about November 21, 2005.

3. Plaintiff's request for issuance of a preliminary injunction against the defendants is intended to preserve the status quo and otherwise prohibit waste and alienation of security. The defendants and individual guarantors procured a loan in the amount of $5,800,000.00 for the purchase and renovation of property located in Greenville, Mississippi.

4. A preliminary injunction is necessary to preserve the property which is the subject matter of the instant lawsuit and all other assets pledged by the defendants.

5. It appears to the Court that plaintiff's motion for preliminary injunction and the verified complaint amply demonstrate a risk of irreparable harm sufficient to support the issuance of an order preserving the status quo of all matters until such time as the Court may decide otherwise.

6. A preliminary injunction will neither harm the defendants nor any other parties affected by its issuance. The issuance of such preliminary relief at an early stage is appropriate under the circumstances of this case.

7. The Court further finds that no critical public interest would be injured by a grant of preliminary injunctive relief against the defendants.

8. Security is not necessary under F.R.C.P. 65(c) because the plaintiff has adequately demonstrated its interest in the property securing the defendants' indebtedness to the plaintiff.

ACCORDINGLY,

The Court hereby issues the following Order of Preliminary Injunction:

IT IS, THEREFORE, ORDERED AND ADJUDGED that the defendants, Greenbelt Development Partners, Inc., Greenbelt Development Partners 1, LLC, Wilbur F. Hawkins, W.A. Sesley, Annie R. Sesley, Cecil Eric Lincoln, Onzie O. Horne, Jr., Samuel L. Sockwell and Connie Gail Sockwell, their agents and assigns and those who may act in concert with them, are hereby prohibited from transferring, conveying, concealing, or otherwise disposing of any assets of Greenbelt Development Partners, Inc., including the property located at 2524 East Alexander Street, Greenville, Mississippi, including any tangible property or records, banking and/or cash or investment accounts in the name of any of the defendants and personal property or assets thereof.

IT IS FURTHER ORDERED that the defendants, Greenbelt Development Partners, Inc., Greenbelt Development Partners 1, LLC, Wilbur F. Hawkins, W.A. Sesley, Annie R. Sesley, Cecil Eric Lincoln, Onzie O. Horne, Jr., Samuel L. Sockwell and Connie Gail Sockwell, their agents and/or assigns are hereby enjoined from disposing of any real and/or personal property in their names legally held for them by others or beneficially owned, including personal assets, which are or may be the subject of an attachment order or judgment. Defendants are therefore, required to seek leave of this Court to dispose of and/or otherwise transfer any property legally or beneficially owned or held in the name of any of the defendants.

IT IS FURTHER ORDERED that the defendants, Greenbelt Development Partners, Inc., Greenbelt Development Partners 1, LLC, Wilbur F. Hawkins, W.A. Sesley, Annie R. Sesley, Cecil Eric Lincoln, Onzie O. Horne, Jr., Samuel L. Sockwell and Connie Gail Sockwell, shall file their responsive pleadings or otherwise answer by December 5, 2005, as provided in this Court's Order of November 14, 2005.

IT IS FURTHER ORDERED that Martin Kilpatrick shall immediately transmit a copy of this Order to the defendants, Greenbelt Development Partners, Inc., Greenbelt Development Partners 1, LLC, Wilbur F. Hawkins, W.A. Sesley, Annie R. Sesley, Cecil Eric Lincoln, Onzie O. Horne, Jr., Samuel L. Sockwell and Connie Gail Sockwell, who shall upon receipt thereof be bound by said Order pending further Order of this Court.

IT IS FURTHER ORDERED, this Order of Preliminary Injunction shall not serve to enjoin or adjudicate the interest of Planters Bank & Trust Company, except that Planters Bank & Trust Company may, through its counsel, apply to this Court for whatever injunctive and/or special relief it may deem appropriate to protect its interests as affected by these proceedings.

SO ORDERED, this the 22nd day of November, 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE