# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**TRANSCENDENT LIMITED PARTNERSHIP**        **PLAINTIFF**

VS.        Civil Action No. 4:05CV231-P-B

**GREENBELT DEVELOPMENT PARTNERS,
INC., GREENBELT DEVELOPMENT PARTNERS 1,
LLC, JOHN DOE and other UNKNOWN
DEFENDANTS acting in concert with GREENBELT
DEVELOPMENT PARTNERS, INC.,
WILBUR F. HAWKINS, SAMUEL L.
SOCKWELL, CONNIE GAIL SOCKWELL,
W. A. SESLEY, ANNIE R. SESLEY, CECIL ERIC
LINCOLN, ONZIE O. HORNE, JR. and RALPH WAITE,
d/b/a INNER CARE RESIDENTIAL**        **DEFENDANTS**

## AMENDED ORDER APPOINTING RECEIVER

This matter came on for consideration on the Verified Complaint for Damages, Appointment of Receiver, Injunctive and Other Relief (the "Complaint") filed by plaintiff; Transcendent Limited Partnership ("Transcendent") versus the defendants, Greenbelt Development Partners, Inc., Greenbelt Development Partners 1, LLC, Wilbur F. Hawkins, Samuel L. Sockwell, Connie Gail Sockwell, W. A. Sesley, Annie R. Sesley, Cecil Eric Lincoln and Onzie O. Horne, Jr.

The Court, having conducted an evidentiary hearing thereon plaintiff's Motion for Appointment of a Receiver; and after the taking of testimony from plaintiff's witnesses, the admission of exhibits in evidence, argument of counsel and due consideration of this matter; the court finds that plaintiff's motion is well taken and relief should be granted.

This Court finds, as follows:

1. Jurisdiction and venue are proper in this Court.

2. The property, the subject of this matter is located at 2524 East Alexander Street, Greenville, Mississippi, 38701 (herein the "Property" or "Facility").

3. The evidence adduced in the hearing discloses the plaintiff Transcendent loaned to the defendant, Greenbelt Development Partners, Inc. $5,800,000.00 to purchase and rehabilitate real property and for operating capital to conduct a residential care facility at the same location. This loan is personally guaranteed by the individual owners of Greenbelt. Default of the loan, under Loan Documents executed by the defendants, has occurred and the Property is vacant and otherwise abandoned, with the exception of some uncompensated caretakers. There has been removal of furniture and fixtures from the property and, at least during the pendency of this case (filed October 13, 2005), the removal of an emergency power generator and the removal in July 2005 of a vehicle, both serving as security for creditors.

4. As security for the obligations under the Loan Commitment and the Note, Greenbelt executed and delivered to the Transcendent a Deed of Trust dated August 27, 2004 (the "Deed of Trust"), to secure its obligation to Transcendent, pursuant to which the Transcendent was granted a first lien and security interest in, and interest to the Property.

5. There is currently no business activity at the Facility and the Facility is vacant and abandoned by the defendants.

6. The Deed of Trust provides that upon occurrence and continuation of an Event of Default, Transcendent (as Secured Party) in person, by an agent or by a judicially appointed receiver, shall be entitled to enter upon, take possession of and manage the Property and collect the rents and accordingly take charge of, manage, preserve, protect, complete and operate the Property and any businesses conducted by defendants thereon and to make all necessary and needed repairs to the Property.

7. The Court finds that Transcendent is entitled to appointment of a receiver, pursuant to certain remedial provisions in the Deed of Trust and Mississippi Code Annotated § 11-5-151, et seq. to take possession of the Property. Transcendent's right to a receiver is in addition to any other rights and remedies allowed under the Loan Documents, and/or at law or in equity.

8. As a result of defendants' default under the Loan Documents, Transcendent is entitled to the appointment of a Receiver to take possession of the Property and the revenues thereof, if any.

9. In addition to its rights under the Loan Documents, Transcendent is entitled to appointment of a Receiver in equity. It appears to the Court, as demonstrated by non-controverted testimony, at a hearing on this matter, the Property has been abandoned and left vacant by the owner, Greenbelt. The plaintiff's representative has requested of this Court that he be allowed to serve a Receiver for the Property and to the extent necessary expend plaintiff's own capital to maintain the Property and stop waste thereof until further order of this Court. Without these monies the Property will likely suffer further deterioration.

10. The Revised Loan Commitment dated October 1, 2004 and the Substitute Promissory Note, "inter alia," given by Greenbelt to Transcendent provides for, in the event of default, the appointment of Michael D. O' Neill, as attorney in fact so that he might take action for and in the name of the defaulting parties and seek other available remedies.

11. The Court finds the Property is in imminent danger of waste and dissipation of assets thereat, unless a Receiver is given immediate control of the Property and the defendants should be enjoined from interfering with such Receiver so that Transcendent will not suffer irreparable harm, and be left without an adequate remedy at law.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that Michael D. O'Neill shall be and hereby is duly appointed as receiver (hereafter the "Receiver") to take immediate possession and control of the Property and all revenues generated from the Property.

IT IS FURTHER ORDERED that the Receiver (and any successor receiver appointed by this Court) hereby is authorized to, and shall, do the following things:

a. To take possession and control of the Property, access and security therefor; from funds advanced by the plaintiff, manage and operate the Property to prevent waste;

b. to collect, hold, and preserve the revenues, if any, generated from the Property;

c. to pay from the revenues of the Property the ordinary and necessary

expenses of operating the Property and keeping the Property insured, incurred from and after the date of the Receiver's appointment (including the reasonable fees and expenses of the Receiver);

        d.      negotiate agreements of revenue production with any third-party payors for the Property and collect from them any rents and other sums due; to have authority to pay such other expenses incurred as of the date of this order the Receiver deems reasonably necessary and appropriate to ensure the continued efficient operation of the Property;

        f.      account for all activities for the Property in a segregated account and pay over to the a segregated separate account from any activity of the Receiver, all excess revenues from any business activity conducted at the Property;

        g.      make an accounting and keep accurate records concerning the operation of the Property, including the actual income collected and expenses paid each month, and to make such records available to the defendants and the Court;

        h.      permit upon reasonable notice from the defendants , and its agents and independent representatives and the representative of Planters Bank and Trust Company, the ability to inspect the Property, and its books and records;

        i.      generally do, execute, and perform any other act, deed, matter, or thing whatsoever, including the initiation, prosecution, defense, and settlement of litigation concerning the Property or its revenues that the Receiver reasonably deems ought to be done, executed, and performed in and about or with respect to the Property or its revenues; and

j. hire on an interim basis a management company to help manage and operate the Property on terms consistent with this Order.

IT IS FURTHER ORDERED that the Receiver's authority hereunder and any management agreement entered into by the Receiver pursuant hereto, shall terminate upon the earlier of foreclosure of the Property by Transcendent, or further order of this Court, without any further liability by the Receiver or Transcendent.

IT IS FURTHER ORDERED that the Receiver shall not be required to post a bond, it being the opinion of the court there is adequate security in the Property to support the undertaking and the Receiver, as a representative of the Plaintiff, has incentive to preserve the Property.

IT IS FURTHER ORDERED that defendants, Greenbelt Development Partners, Inc., Greenbelt Development Partners 1, LLC, Wilbur F. Hawkins, Samuel L. Sockwell, Connie Gail Sockwell, W. A. Sesley, Annie R. Sesley, Cecil Eric Lincoln and Onzie O. Horne, Jr. and their successors, assigns, agents, employees, attorneys, or anyone acting for or in concert with them, shall be restrained and enjoined, until further order of this Court:

a. from possessing or managing the Property and from interfering in any way with the possession or management of the Property by the Receiver;

b. from collecting or withdrawing funds or revenues derived from the operation of the Property and from paying any such funds to or for the benefit of themselves or any other party;

c. from removing any property from the Property and from removing, destroying, concealing, changing, or altering in any manner any of the books or records relating to the ownership, possession, or operation of the Property; and

d. to pay and turn over immediately to the Receiver and to perform all acts necessary to transfer to the Receiver all funds on hand in cash, and all funds held in deposit accounts of or for the benefit of Greenville Development Partners, Inc. arising from the ownership, possession, or operation of the Property and all accounts, accounts receivable, and any other collectibles and all keys, books, records, equipment, and all things in any manner related to the ownership, possession, or operation of the Property.

IT IS FURTHER ORDERED that the relief granted herein is not prejudiced to any other relief sought by Transcendent, nor shall it serve to adjudicate the rights and interest in and to the Property, held by defendant Greenbelt Development Partners, Inc., it being the express intent of this order to not adjudicate the merits of this proceeding by entry of this Order.

IT IS FURTHER ORDERED, that notwithstanding the appointment of a Receiver in this matter, the defendants are not precluded from pursuing revenue producing activities for the Property, provided that defendants must do so through and under the direction of the Receiver, its agents and/or representatives.

IT IS FURTHER ORDERED that nothing in this Order shall be construed to affect the rights of Planters Bank and Trust Company, a secured creditor of the defendant, Greenbelt Development Partners, Inc. IT IS FURTHER ORDERED that the appointment of a Receiver and other provision of this Order shall not affect the rights and remedies of

Planters Bank and Trust Company with respect to any portion of the property in which Planters Bank and Trust Company has a security interest, including without limitation, the right, however with prior notice to the Receiver and the Court, to repossess and dispose thereof.

IT IS FURTHER ORDERED that, upon proper motion and notice to all parties, any party hereto, or the Receiver, or any party may seek modification of this Order for cause.

SO ORDERED, ADJUDGED AND DECREED this 30th day of November, 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE